UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:08-cr-0180-SEB-DKL-01 |
| ) | |
| IRVING LONDON FREELING, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

On July 26, September 7, October 24, 2016, and January 12, 2017, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on June 1, 2016 and a supplemental petition filed on July 1, 2016. Defendant Freeling appeared in person with his appointed counsel Gwendolyn Beitz and William Dazey. The government appeared by Matt Lasher, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Freeling of his rights and provided him with a copy of the petition. Defendant Freeling waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Freeling admitted violations 2, 3, and 4. [Docket No. 51.] The Court found Defendant Freeling guilty of violation 5. [Docket No. 61].

3. The allegations to which Defendant admitted or was found guilty of, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| | On May 4, 21, and 24, 2016, the offender provided urine samples which tested positive for cocaine. On June 1, 2016, he admitted to the probation officer he has been using cocaine with resulted in the aforementioned positives. |
| | As previously reported to the Court, on February 4, 16, 26, March 25, and April 1, 2016, the offender tested positive for cocaine. |
| 3 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 4 | **"You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility."** |
| | The offender has received two incident reports while at the RRC for the following rule violations: On May 22, 2016, the offender refused to provide RRC staff with a urine sample as requested. A sample collected the next day tested positive for alcohol. On May 27, 2016, the offender returned to the RRC and submitted to a portable breathalyzer test which tested positive for alcohol with a blood alcohol context of .09. |
| 5 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| | On June 21, 2016, the offender tested positive for opiates. He admitted taking prescription medication he was not prescribed. |

4. The government orally moved to dismiss violation 1 and the Court granted the same.

5. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is VI.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 24 months' imprisonment.

5. The government argued for a sentence of twenty-four (24) months with no supervised release to follow. The defendant argued for sentence that did not include a term of imprisonment, but did include drug treatment.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twenty-four (24) with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The Court will make a recommendation of placement at a facility closest to Indianapolis, Indiana that has a drug treatment program.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 01/17/2017

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal